IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WALLACE WESLEY BROWN | * | |
| v. | * | Civil No. CCB-13-2060 |
|  | * | Criminal No. CCB-07-0437 |
| UNITED STATES OF AMERICA | * | |

******

## MEMORANDUM

Now pending before the court is a petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Wallace Wesley Brown ("Brown"). Brown was convicted by a jury on two counts of possession with intent to distribute narcotics. On September 26, 2008, the court determined that Brown was a career offender and, imposing a variance sentence, sentenced him to concurrent 200-month terms of incarceration.[1] The court noted that the advisory guideline range would have been from 63 to 78 months were it not for the career offender status, which raised the guidelines to 262 to 327 months. The United States Court of Appeals for the Fourth Circuit affirmed Brown's convictions in a January 4, 2010, opinion. *United States v. Brown*, 359 Fed. App'x 419 (4th Cir. 2010).

On October 29, 2009, Brown filed a petition for writ of error *coram nobis*, requesting the District Court of Maryland for Baltimore County "to vacate the judgment of conviction and sentence entered against him on 5-17-2000 [for second-degree assault]." (*See* Brown's Petition

---

[1] Brown had two qualifying convictions for career offender status: (1) possession with intent to distribute cocaine (case no. 195101038) in 1995 and (2) second-degree assault (case no. 6C00125838) in 2000. (*See* Sent'g Tr., ECF No. 52, at 5–7, 8:8–13.) Brown was sentenced to probation before judgment for the second-degree assault case.

for Writ of Error *Coram Nobis*, ECF No. 108-1, at 20, 26.)[2] On October 23, 2012, the District Court for Baltimore County granted Brown's petition, ordering expungement of police and court records pertaining to the second-degree assault conviction. (*See* Order for Expungement, ECF No. 110-1, at 1.)

Brown filed his first § 2255 petition on April 14, 2010. Concluding that Brown's ineffective assistance of counsel argument lacked merit, the court denied his petition and did not grant a certificate of appealability. (ECF No. 78.) On July 23, 2012, Brown filed his second motion pursuant to § 2255, asserting that he did not qualify as a career offender and again arguing ineffective assistance of counsel. The court denied his petition without prejudice based on the reasoning that it was a second or successive motion to vacate and he needed to seek leave from the Fourth Circuit to file it. (ECF No. 101.) On March 4, 2013, less than one year after the District Court for Baltimore County granted Brown's *coram nobis* petition, he filed his third motion under § 2255, this time arguing that the vacatur of his second-degree assault conviction meant he was not a career offender. The court, incorrectly, dismissed the petition without prejudice as successive. (ECF No. 107.) On May 28, 2013, the Fourth Circuit ruled that Brown's latest § 2255 motion was not successive because he could not have raised the expungement issue in his first motion to vacate. *In re Wallace Brown*, No. 13-240 (4th Cir. May 28, 2013). Following the Fourth Circuit ruling, the court ordered the government to respond to Brown's § 2255 motion. The government responded on September 13, 2013, and Brown replied on October 15, 2013.

---

[2] The government mistakenly indicates that Brown did not file his *coram nobis* petition until four years after his 2008 sentencing. It appears that the government refers to October 23, 2012, when the District Court for Baltimore County granted Brown's petition—not October 29, 2009, when he submitted it.

In *Johnson v. United States*, the Supreme Court considered "when the 1-year statute of limitations in 28 U.S.C. § 2255 . . . begins to run in a case of a prisoner's collateral attack on his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated." 544 U.S. 295, 298 (2005); *see also* 28 U.S.C. § 2255(f)(4) (stating that the one-year limitations period may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). The Supreme Court held that the limitations period "begins when a petitioner receives notice of the order vacating the prior conviction, *provided that he has sought it with due diligence in state court*, after entry of judgment in the federal case with the enhanced sentence." *Johnson*, 544 U.S. at 298 (emphasis added). Applying its holding, the Supreme Court determined that Johnson did not act with due diligence because he waited more than twenty-one months (indeed more than three years) after entry of judgment in the federal case to attack the predicate conviction for his enhanced sentence. *Id.* at 311.

As an initial matter, the court must determine whether Brown filed his § 2255 petition within the applicable statute of limitations. The vacatur of Brown's second-degree assault conviction is a new "fact" that triggers the limitations period in § 2255(f)(4). Thus, Brown had one year from October 23, 2012—the date his *coram nobis* petition was granted—to file a motion to vacate. Brown timely filed on March 4, 2013.

The next inquiry is whether Brown acted diligently in attempting to vacate the second-degree assault conviction. In *United States v. Longshore*, the court explained that, in determining whether the § 2255 petitioner acted with due diligence, consideration should be given to his "individual circumstances . . . , including the practical realities of [his] confinement." 644 F. Supp. 2d 658, 662 (D. Md. 2009) (determining that the petitioner acted

3

diligently even though "[t]hirteen months passed from the time [he] received his federal sentence . . . to the time he filed a *coram nobis* petition challenging [certain predicate convictions for career offender status]"). Brown, who was not represented by counsel on the *coram nobis* issue, filed without waiting for the results of his direct appeal, just over thirteen months after his federal sentencing. Thus, he was not idle during the thirteen-month delay but rather was assisting counsel with his appeal. Furthermore, the court considers the thirteen-month delay in light of the fact Brown timely filed his first habeas petition and also filed the petition currently under consideration within the applicable limitations period. The court concludes that, although it is a close question, thirteen months is a reasonable delay under the circumstances, and Brown exercised due diligence.[3]

Finally, the court rejects the government's argument that the motion to vacate is an impermissible second or successive petition. The Fourth Circuit expressly stated that any motion based upon Brown's claim of expungement of a predicate state conviction "would not be successive." *In re Brown*, No. 13-240.

The court will grant Brown's § 2255 petition, and this matter will be set for resentencing. All relevant sentencing factors under 18 U.S.C. § 3553(a) will be considered, including the amended guideline range. There is no guarantee that Brown will receive a sixty-three month sentence, as he suggests in his petition. (*See* Brown's § 2255 Petition, ECF No. 108-1, at 10.) Counsel will be appointed to represent Brown for the sentencing.

---

[3] The court notes that the government provides no explanation as to why thirteen months does not reflect due diligence.

A separate order follows.

January 9, 2014                                          /s/
Date                                             Catherine C. Blake
                                                 United States District Judge